NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0348n.06

No. 18-4094

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 10, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ERICK JONATAN ARANDA-CHINCHILLA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| WILLIAM P. BARR, U.S. Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |

Before: McKEAGUE, KETHLEDGE, and MURPHY, Circuit Judges.

KETHLEDGE, Circuit Judge. Erick Aranda-Chinchilla petitions for review of the Board of Immigration Appeals' denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We deny his petition.

In March 2016, Aranda-Chinchilla, a Honduran citizen, entered the United States without inspection, near Hidalgo, Texas. Border-patrol officers detained and interviewed him the same day. During that interview, Aranda-Chinchilla said that he came to the United States to visit family in Ohio and that he did not fear persecution or torture if he returned to Honduras. The government thereafter charged Aranda-Chinchilla with removability. Aranda-Chinchilla conceded that he was removable, but applied for asylum under 8 U.S.C. § 1158(b), withholding of removal under 8 U.S.C. § 1231(b)(3)(A), and relief under the Convention Against Torture, 8 C.F.R. § 1208.16(c). In his applications and at a hearing, Aranda-Chinchilla alleged that he had witnessed a group of

gang members committing a robbery, that the group assumed he had reported the crime, and that the group later threatened him. The immigration judge denied Aranda-Chinchilla's applications, finding among other things that he was not credible. The Board affirmed. This petition for review followed.

The Board adopted and supplemented the IJ's decision, so we review both the Board's and the IJ's decisions. *See Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1149 (6th Cir. 2010). We review legal questions de novo and uphold the agency's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." *See Umana-Ramos v. Holder*, 724 F.3d 667, 670 (6th Cir. 2013) (quoting 8 U.S.C. § 1252(b)(4)(B)).

As an initial matter, Aranda-Chinchilla argues that the agency lacked jurisdiction to institute removal proceedings against him, because (he says) the agency's notice to appear was defective under the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). But we have already rejected this argument. *See Santos-Santos v. Barr*, 917 F.3d 486, 490 (6th Cir. 2019).

As for the merits, Aranda-Chinchilla argues that the agency lacked substantial evidence to find that he was not credible. The agency based that finding on numerous inconsistencies in Aranda-Chinchilla's testimony. For example, Aranda-Chinchilla testified that he feared persecution if he returned to Honduras; but in an earlier sworn statement to a border-patrol agent, he said that he did not fear persecution. At the hearing before the IJ, Aranda-Chinchilla sought to explain this inconsistency by saying that he had been nervous during the interview with the border-patrol agent, but the agency did not credit that explanation. Aranda-Chinchilla also testified that gang members threatened to kill him; but in an affidavit that he submitted with his applications he did not mention any death threat. The agency thus found that, based on the "totality of the

circumstances," Aranda-Chinchilla was not credible. *See El-Moussa v. Holder*, 569 F.3d 250, 256 (6th Cir. 2009) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Aranda-Chinchilla identifies no evidence that would compel a "reasonable adjudicator" to conclude to the contrary. *See id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). We therefore have no basis to set aside the agency's denial of relief.

The petition for review is denied.